UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case Nos. 2:17-cr-20640-02
2:21-cv-12943

v.

HONORABLE STEPHEN J. MURPHY, III

WINSTON HILL,

          Defendant.
_____/

**OPINION AND ORDER DENYING**
**MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [654]**

A jury found Defendant Winston Hill guilty of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and failure to appear in violation of 18 U.S.C. § 3146. ECF 518, PgID 4050. The Court sentenced Defendant to 246 months in prison; the sentence was a 78-month variance from the bottom end of the Guidelines. *Id.* at 4051; ECF 566, PgID 6826.

Defendant timely moved to vacate his sentenced under 28 U.S.C. § 2255. ECF 654. The Government responded to the petition. ECF 667. The Court need not hold a hearing for the motion. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny the motion.

**BACKGROUND**

Defendant challenged his sentence under 28 U.S.C. § 2255 on two ineffective assistance grounds. Defendant first claimed that his counsel failed to properly object to the presentence report. ECF 654, PgID 7724. And second, Defendant argued that

1

his counsel had a conflict of interest based on counsel's potential discovery misconduct. *Id.* at 7725.

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will deny each ineffective assistance of counsel claim in turn. After, the Court will deny a certificate of appealability and in forma pauperis status on appeal.

I.  Failure to Object to Presentence Report

To succeed on an ineffective assistance of counsel claim, Defendant must show: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's

2

unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Defendant asserted that his counsel thrice failed to object. ECF 654, PgID 7724.

Defendant first claimed that his counsel's failure to object to the drug amount enhancement was ineffective assistance of counsel. *Id.* Defendant believed that the enhancement should not have applied because the marijuana attributed to him was fewer than four hundred kilograms. *Id.* The claim easily fails because Defendant cannot show prejudice. The Sixth Circuit affirmed that the drug quantity attributed to the conspiracy was more than four hundred kilograms. ECF 614, PgID 7361–62. And "a defendant may be sentenced based upon quantities of drugs attributable to other members of a conspiracy, provided the district court finds that those quantities were known to [the] defendant or were reasonably foreseeable to him." *United States v. Jennings*, 83 F.3d 145, 150 (6th Cir. 1996) (quotation omitted). Defendant "held [a] prominent position[] in the gang" and he "helped the gang by committing robberies and selling drugs." ECF 614, PgID 7355. As the Sixth Circuit held when addressing the same issue for a similarly situated co-Defendant, "[w]e are hard-pressed to see how the drug quantities involved were not 'reasonably foreseeable' to him." *Id.* at 7361–62 (quotation omitted). The Court will therefore deny the claim because Defendant cannot show prejudice.

Defendant next claimed that his counsel's failure to object to the drug premises enhancement was ineffective assistance of counsel. ECF 654, PgID 7724. According to Defendant, his incarceration and the trial evidence show that he was not at fault

3

for maintaining a drug premises. *Id.* The claim also fails because Defendant cannot show prejudice. Although Defendant was in jail for several years during the gang's activities, the evidence showed that he was an active gang member while incarcerated and once released, he rejoined the gang's street activities. *See* ECF 566, PgID 6823; *see also* ECF 538, PgID 4668–80. As a result, the enhancement was appropriate, and the Court will reject the *Strickland* claim.

Last, Defendant asserted that his counsel failed to object to the conspiracy leader enhancement. ECF 654, PgID 7724. Defendant believed that the evidence at trial showed he directed no one to commit a crime. *Id.* But the Sixth Circuit rejected that evidence and held that he "held [a] prominent position[] in the gang" and he "helped the gang by committing robberies and selling drugs." ECF 614, PgID 7355; *see also* ECF 566, PgID 6823; ECF 538, PgID 4668–80. Because the Government met its burden to apply the enhancement, the *Strickland* claims fail as Defendant cannot show prejudice.

II. Conflict of Interest

Defendant's final claim is that his counsel had a conflict of interest because Defendant "could be [a] witness against [him] in a subsequent prosecution" because counsel "broke the [Court's] protective order" by providing Defendant with *Jencks* materials. ECF 654, PgID 7725.

The Sixth Circuit applies "a modified version of the *Strickland* framework when the ineffective-assistance-of-counsel claim is based on an alleged conflict of interest." *United States v. Gandy*, 926 F.3d 248, 261 (6th Cir. 2019) (citation omitted).

4

Under the modified standard, "a defendant must point to specific instances in the record and make a factual showing that the attorney and the defendant have inconsistent interests." *Id.* (citation omitted). "[A] conflict of interest requires the defendant to show that his attorney had competing obligations and chose to favor one interest over another, to the detriment of the representation of the defendant." *Id.* (citing *Mickens v. Taylor*, 535 U.S. 162, 171 (2002)). If Defendant can show that his "counsel 'actively represented conflicting interests' and that this 'actual conflict of interest adversely affected' the lawyer's performance" then the Court will "presume prejudice." *United States v. Kilpatrick*, 798 F.3d 365, 374–75 (6th Cir. 2015) (quoting *Burger v. Kemp*, 483 U.S. 776, 783 (1987)).

Before Defendant's sentencing, Defendant sent a letter to the Court explaining that he was not happy with his counsel. ECF 565, PgID 6774, 6778. The Government moved for the Court to appoint Defendant new counsel because an expansive reading of the letter suggested an irreconcilable conflict of interest based on whether his counsel provided him with *Jencks* materials. ECF 501, PgID 3653–54, 3957–58; ECF 566, PgID 6789. Defendant's counsel responded to the motion and attached an affidavit from Defendant that explained his counsel "did not leave any of the *Jencks* materials with [him]." ECF 504-2, PgID 3980. The affidavit also explained that Defendant would like to proceed with sentencing as scheduled with his counsel. *Id.* Defendant admitted that he regretted sending the letter and was merely "frustrated" with his counsel. *Id.* at 3980–81. Most important, Defendant claimed that he had not seen the *Jencks* materials. *Id.* at 3981.

5

At the sentencing hearing, Defendant explained that he was satisfied with his counsel, that he was withdrawing the letter sent to the Court, and that he wanted to proceed with sentencing. ECF 566, PgID 6793–94. The Court then found that there was no conflict of interest and sentenced Defendant. *Id.* at 6794–95.

The present motion to vacate essentially contradicts not only his statements in the signed affidavit, ECF 504-2, but also his testimony to the Court at his sentencing hearing, ECF 566, PgID 6793–94. For that reason, Defendant cannot "point to specific instances in the record" that he and his counsel had conflicting interests. *Gandy*, 926 F.3d at 261 (citation omitted). Besides, Defendant's counsel obtained one of the steepest downward variances the Court has ever given to a criminal defendant. Put simply, no facts show that Defendant's counsel acted to the detriment of Defendant. The Court will thus deny the conflict of interest claim and deny the motion to vacate.

III.   Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [654] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:21-cv-12943.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 31, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager